**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2705-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CARMEN A. SEXTON,

    Defendant-Appellant.

_____

> Submitted November 6, 2023 – Decided January 26, 2024
>
> Before Judges DeAlmeida and Bishop-Thompson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 20-08-0250.
>
> Carmen A. Sexton, appellant pro se.
>
> Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Laura C. Sunyak, Assistant Prosecutor, of counsel and on the letter brief).

PER CURIAM

In 2021, defendant Carmen Sexton pleaded guilty to second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5b, and was admitted into the

Pretrial Intervention Program (PTI), N.J.S.A. 2C:43-12. Based on our review of the record and applicable legal principles, we dismiss the appeal.

In February 2019, defendant had an encounter with police officers dispatched to her apartment on a report of a "suspicious vehicle." When the officers arrived, defendant came out of her apartment and "ran" up to them. During the interaction with the officers, defendant exhibited behavior which ultimately required mandatory transportation to the hospital. As an officer started to frisk defendant for weapons, she stated she was carrying a handgun and began reaching for her waistband. The officer advised defendant that he would remove the handgun. A black semi-automatic pistol, loaded with eleven rounds of "ball" ammunition, was removed from defendant's waistband.

The officers were later advised defendant, a corrections officer, was on administrative leave. They were also advised that she had a registered handgun but did not possess a carry permit. Defendant was charged with second degree unlawful possession of a handgun, N.J.S.A. 2C:39-5b.

At the plea hearing on April 16, 2021, defendant was represented by private counsel. After numerous adjournments, defendant pleaded guilty to the gun possession charge and was admitted into the PTI Program. Thereafter, the

trial court entered a PTI order of postponement which stated defendant would be in PTI for thirty-six months. This appeal follows.

Defendant raised these three arguments for the first time on direct appeal. First, defendant argues the handgun was unlawfully seized by police. Second, defendant argues that a factual basis for the plea was not established at the hearing, and she was unaware of the consequences of the guilty plea. Lastly, defendant claims ineffective assistance of trial counsel for failing to investigate her defenses, failing to put forth exculpatory evidence, and failing to inform her of the consequences of the guilty plea.

Against this factual and procedural background, we review defendant's appeal from the August 14, 2019 order to determine if it is an appealable order as of right. "[O]nly final judgments may be appealed as of right." State v. Lavrik, 472 N.J. Super. 192, 212 (App. Div. 2022) (citing R. 2:2-3). To be a final judgment for the purpose of appellate jurisdiction, "'an order must not only completely dispose of all pleaded claims as to all parties, but all its dispositions must also be final.'" Ibid. (quoting Grow Co. v. Chokshi, 403 N.J. Super. 443, 460 (App. Div. 2008)). "If devoid of the required finality, an order is interlocutory and appellate review is available only by leave granted under Rule 2:2-4 and Rule 2:5-6(a)." Ibid. "Interlocutory review is 'limited to those

3

exceptional cases warranting appellate intervention, [and] the sole discretion to permit an interlocutory appeal has been lodged with the appellate courts.'" Ibid. (citing Grow Co., 403 N.J. Super. at 458).

"PTI 'is a diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Oguta, 468 N.J. Super. 100, 107 (App. Div. 2021) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). A participant approved for PTI enters into a written agreement, signed by the prosecutor and the participant, which set forth the terms and duration of the supervisory treatment. N.J.S.A. 2C:43-13(a).

Rule 3:28 governs PTI programs. Under this rule, a trial court judge "may, on the recommendation of the criminal division manager, and with the consent of the prosecutor and the defendant, postpone all further proceedings against said defendant on such charges for a period not to exceed thirty-six months." R. 3:28-5(c). A defendant may appeal a prosecutor's decision to refuse to consent to or criminal division manager's decision to not recommend enrollment in a PTI program. R. 3:28-6(c). However, there is nothing in this rule that allows a defendant to appeal a decision where a prosecutor consented to or recommended enrollment in a PTI program. Ibid.

Here, the trial court's order of postponement is not a final order that is appealable as of right under R. 3:28-6. A final judgment will be entered upon after the occurrence of defendant either successfully completing the PTI program within the thirty-six-month timeframe and the dismissal of the charge against her or she is terminated from the PTI program. Defendant's admission in the PTO program is scheduled to end in April 2024 and because a final order has not yet been entered, we do not have jurisdiction to consider defendant's challenge to her guilty plea, weapons seizure, and trial counsel's performance.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-2705-21